UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Angela Carter, | ) | C/A No. 6:17-cv-02457-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Brookdale Senior Living Communities Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion to Compel Arbitration or, in the Alternative, to Dismiss ("the Motion"). ECF No. 5. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 7, 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On March 15, 2018, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 13. Plaintiff filed objections to the Report, and Defendant filed a Reply. ECF Nos. 15, 16.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will

review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable law in her Report which the Court incorporates by reference. Plaintiff brings a claim for wrongful termination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). ECF No. 1-1. The Magistrate Judge recommends that the Motion be granted and that the case be dismissed. Plaintiff presents three objections for the Court's review, which the Court will discuss in turn.

Plaintiff contends that the Magistrate Judge erred in finding that there exists one binding arbitration agreement between the parties. ECF No. 15 at 1–5. Plaintiff argues that there are three arbitration agreements that were signed on February 1, 2016; accordingly, it is impossible to determine which agreement is controlling. *Id*. Plaintiff asserts that she signed the Bookdale Dispute Resolution Agreement ("DRA"), the Employment Binding Arbitration Agreement ("BAA"), and the Employee Handbook ("the Handbook") all of which contain arbitration provisions. *Id*. The DRA and the BAA have been provided to the Court for review. ECF Nos. 5-2, 9-1.

Once a litigant moves to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., the district court determines whether a matter should be

resolved through arbitration depending on (1) whether a valid arbitration agreements exists and, if so, (2) whether the dispute falls within the scope of the arbitration agreement. *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 651 (1986); *see Hooters of Am. v. Phillips*, 173 F.3d 933, 938 (4th Cir. 1999). The party seeking to enforce the agreement, bears the initial burden of "persuading this court that the parties entered into an enforceable arbitration agreement." *Drake v. Mallard Creek Polymers, Inc.*, 2014 WL 7405762, at *1 (W.D.N.C. Dec. 30, 2014). If the defendant makes such a showing, then "the burden shifts to the plaintiff to show that even though there was some written contract, [they] did not actually agree to it-because the[ir] signature was forged, the terms of the contract were misrepresented, or some other reason evincing lack of true agreement." *Czopek v. TBC Retail Grp., Inc.*, 2014 WL 5782794, at *4 (M.D. Fla. Nov. 6, 2014); *see also U.S. ex rel. TBI Investments, Inc. v. BrooAlexa, LLC*, 119 F. Supp. 3d 512 (S.D.W. Va. 2015) (applying summary judgment standard to motion to compel arbitration and stating that "[o]nce the moving party has met its burden, the burden shifts to the nonmoving party to demonstrate that a genuine issue of material fact exists for trial.").

The Court agrees that the Magistrate Judge's Report fails to consider the implications of the BAA in conjunction with her discussion of the DRA and the Handbook. *See* ECF No. 13 at 10–11. However, the Court notes that this omission does not change the result in this case. The Court finds that Plaintiff's signing the DRA and the BAA on the

same day evidences the clear intent to agree to arbitrate any future dispute.[1] Moreover, Defendant has proffered affirmative evidence of a valid contract. It attached the DRA, signed and dated by Plaintiff, to its demand for arbitration sent to Plaintiff evidencing its intent to proceed under that document. ECF No. 5-2 at 5–7. Plaintiff argues that she signed multiple agreements; however, Plaintiff has failed to meet her burden of raising a genuine issue of material fact that the DRA is invalid. *See Creech v. JEM Pizza Grp., LLC*, C/A 2:16-cv-3087-PMD, 2016 WL 7441029, at *3 (D.S.C. Dec. 27, 2016) (finding that one of three arbitration agreements was a valid contract and declining to make a determination as to the validity of the remaining two arbitration agreements). Accordingly, Plaintiff's objections that the Magistrate erred in finding the DRA controls the dispute between the parties and in finding that the terms of the arbitration agreement are not indefinite are overruled.[2]

Plaintiff next argues that the Magistrate Judge erred in her analysis regarding whether Plaintiff's employment with Defendant had a sufficient relationship with interstate

---

[1] Significantly, there does not appear to be a material difference in the BAA and the DRA other than an agreement to use the Employment Dispute Resolution Rules of the American Arbitration Association in the BAA and a slight discrepancy as to what claims are covered by the agreement that does not implicate claims brought in the current action. *See* ECF Nos. 5-2, 9-1.

[2] To the extent that Plaintiff contends the DRA is illusory because it is subject to change, the Court finds the Magistrate Judge has properly evaluated this argument. As explained at length by Judge Austin, the DRA does not allow Defendant to unilaterally alter or amend its terms. *See* ECF No. 5-2. Further, the DRA is not unconscionable merely because it was offered as a condition of Plaintiff's employment or because Plaintiff now contends she lacked the sophistication to understand the effects of signing it. *See Simpson v. MSA of Myrtle Beach, Inc.*, 644 S.E.2d 663, 669 (S.C. 2007) (citation omitted); *Regions Bank v. Schmauch*, 582 S.E.2d 432, 440 (S.C. Ct. App. 2003).

commerce such that this action comes under the FAA. ECF No. 15 at 5–7. Plaintiff contends that the DRA does not implicate interstate commerce either through services or goods to be provided. *Id*. Further, Plaintiff maintains that the Magistrate Judge erred in finding that Defendant's community received supplies and other goods and services from all over the country because the proper analysis should have focused on whether the services that Plaintiff performed involved or affected interstate commerce. *Id*. Finally, Plaintiff argues that the Magistrate Judge's reliance on *Dean v. Heritage Healthcare of Ridgeway*, 759 S.E.2d 727 (S.C. 2014) is misplaced.[3] *Id*. The Court disagrees.

With respect to Plaintiff's arguments that the DRA and Plaintiff's position with Defendant do not implicate interstate commerce, the Court finds that the Magistrate Judge properly considered this issue. As an initial matter, the Court is not confined to only look at the terms used in a contract in determining whether the agreement involves interstate commerce. *See Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 282 (1995) (looking to facts outside of the arbitration provision to determine if interstate commerce was involved in the transaction). Further, this District has found that "it is clear that an otherwise intrastate transaction involves interstate commerce when the parties perform their agreement using supplies acquired through interstate commerce." *Swane Co. v. Berkeley Cty. S.C.*, C/A No. 2:15-cv-02586-DCN, 2015 WL 6688072, at *3 (D.S.C.

---

[3] Plaintiff also appears to argue that the Magistrate Judge incorrectly relied upon the section of the DRA which states that "this is a matter involving commerce" in deciding that the DRA implicated interstate commerce. ECF No. 15 at 6. Upon review of the Report, the Court finds that this sentence was a recitation of facts and not a legal conclusion.

Oct. 30, 2015).  Here, Plaintiff appears to argue that because she was a resident care coordinator, her services for Defendant did not involve interstate commerce.  However, Plaintiff fails to suggest that she did not use any supplies received through interstate commerce in her performing her duties for Defendant.  Accordingly, this action is subject to the FAA, and this objection is overruled.[4]

Finally, Plaintiff objects to the Magistrate Judge's consideration of the confidentiality provision in the DRA.  ECF No. 15 at 5–7.  Plaintiff contends that the DRA's confidentiality provision undermines one of the purposes of Title VII—to incentivize employers to change their practices by holding them publically accountable.  *Id.*  The Court finds that this concern is cured by the second paragraph of the DRA that allows the covered employee to bring claims with an administrative agency if provided for by law, including the Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, and the Office of Federal Contract Compliance Programs.  ECF No. 5-2 at 2.  Accordingly, this objection is overruled.

## CONCLUSION

Therefore, the Court adopts, as modified herein, the ruling of the Report. Defendant's Motion to Compel Arbitration is **GRANTED** and this action is **DISMISSED** pursuant to *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10

---

[4] Plaintiff's objection that the Magistrate Judge improperly relied upon *Dean* because that case involved a resident and a nursing home where the nursing home was obligated to provide supplies and supplies acquired through interstate commerce is also overruled.

(4th Cir. 2001).[5]

      IT IS SO ORDERED.

July 2, 2018                        s/ Donald C. Coggins, Jr.
Spartanburg, South Carolina         United States District Judge

---

[5]The parties are reminded that in the event they cannot agree on an arbitrator, the DRA allows them to apply to this Court to decide upon a neutral arbitrator. *See* ECF No. 5-2 ¶ 3.